UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:11-CR-6-TAV-CCS-3 |
| | ) | |
| DONALD G. HOPSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se Motion to Grant Earned Good Time Credit [Doc. 189]. The government filed a Response in Opposition to Defendant's Motion to Grant Earned Good Time Credit [Doc. 193].

On February 7, 2012, this Court sentenced the defendant to 192 months' imprisonment for brandishing a firearm during a violent crime and for being a felon in possession of a firearm [Doc. 136]. The Court ordered that this term of imprisonment be run partially concurrent to any undischarged term to be served by the defendant in Anderson County Criminal Court [*Id.*]. At the time the federal sentence was imposed, the defendant was under the primary jurisdiction of state authorities in Tennessee and in federal custody pursuant to a writ [Doc. 20].

In his motion, the defendant now seeks this Court "to make a ruling as to his good time credits" that he argues he should have received while awaiting his federal sentencing [Doc. 189 p. 1]. Specifically, the defendant asks the Court to "intervene in [sic] his behalf . . . and order the federal bureau of prisons to grant him the time he spent awaiting

his sentence in federal custody" [*Id.* at 2]. In support of this request, the defendant argues that he was never introduced into the state system before being brought into federal custody and was therefore not serving a state sentence at the time in question [*Id.*].

In its response to the defendant's motion [Doc. 193], the government notes that the time the defendant requests this Court to credit him was already credited against his state sentence [*Id.* at 1]. Consequently, the government argues, this time cannot be "double counted" against the defendant's federal sentence.

18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b) (2012); *see United States v. Lytle*, 565 App'x 386, 391 (6th Cir. 2014) (stating that a prisoner can only receive federal credit for time served in federal custody if he was not already receiving credit for the time against another sentence).

According to the Bureau of Prisons, the defendant was paroled by the State of Tennessee on February 13, 2014, and was therefore credited for the portion of his federal sentence that this Court determined was to run concurrently with the state sentence [Doc. 193 p. 1]. Consequently, the defendant cannot be given "good time credit" for the time he was imprisoned awaiting his federal sentencing because to do so would allow the defendant to receive double credit. This result is not permitted under 18 U.S.C. § 3585(b).

Furthermore, even if the defendant had not already received state credit for the term of imprisonment at issue, this Court could not "order the federal bureau of prisons"

2

to award time served because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). This Court cannot, therefore, order the Bureau to grant credit to the defendant.

If the Bureau of Prisons declines to credit the defendant's time served, he may then raise his claims through the Bureau's Administrative Remedy Program. *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012) (citing 28 C.F.R. § 542.10, *et seq.* (2011)). After exhausting his administrative remedies, the defendant may then seek a writ of habeas corpus under 28 U.S.C. § 2241 (2012). The defendant has not, however, sought credit for time served through these proper channels. Thus, this Court does not have authority to credit the defendant time served and cannot order the Bureau to do so, regardless of whether there is merit to the defendant's arguments.

For these reasons, the Court hereby **DENIES** the defendant's Motion to Grant Earned Good Time Credit [Doc. 189].

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE