UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   3:11-CR-6-TAV-DCP-3 |
| DONALD G. HOPSON, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant asks to serve the remainder of his sentence on home confinement, requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 223]. However, defendant has not demonstrated that he requested compassionate release from the warden of his facility, so he has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. Because the exhaustion requirement is a mandatory prerequisite to considering the merits of his request, defendant's motion is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant requests relief under § 3582(c)(1)(A)(i). But the Court need not address whether extraordinary and compelling reasons exist warranting defendant's release because he has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion. § 3582(c)(1)(A).

Defendant makes no mention of an attempt to request a compassionate release motion from the warden of his facility, and the email defendant attaches to his motion

2

does not suffice to establish satisfaction of the exhaustion requirement. The procedures for requesting compassionate release are set forth in 28 C.F.R. § 571.60–64 and require that defendants seeking compassionate release submit a request to the warden. *See* 28 C.F.R. § 571.61. Here, defendant apparently requested release from the warden of his facility under the CARES Act on April 23, 2020 [Doc. 223 p. 11], and the warden denied his request the same day. The record contains no indication that defendant submitted a request to the warden requesting a motion for compassionate release in compliance with 28 C.F.R. § 571.61. Not having requested compassionate release from the warden pursuant to § 571.61, defendant has yet to take even the first step toward either "fully exhaust[]ing all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or having waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility." § 3582(c)(1)(A). As such, he has not satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Moreover, in his April 23, 2020 email to the warden, defendant did not pursue an identical claim to the one he makes in the instant motion, that is, that he is entitled to relief in light of the COVID-19 pandemic and the potentially fatal risk the virus poses given his medical condition. *See United States v. Girod*, No. 5:15-087, 2020 WL 191242, at *3 (E.D. Ky. Apr. 21, 2020) (denying defendant's § 3582(c)(1)(A) motion where the grounds for relief sought in the motion (i.e., the possibility that defendant might contract COVID-19 if not released) were not included as grounds for relief sought in prior administrative proceedings). In his email, defendant mentioned his hypertension,

3

prostate problems, and hepatitis C, his age, and the time he had served on his sentence, but he did not reference the COVID-19 pandemic or mention any fear that one or more of his medical conditions made him particularly vulnerable to severe infection [Doc. 223 p. 11]. In contrast, in the instant motion, defendant requests relief primarily based on the COVID-19 pandemic and suggests that the fact he takes various blood pressure medications and was once hospitalized for bronchitis makes him especially susceptible to serious infection [Doc. 223 p. 2, 7]. Additionally, the warden's response to defendant's email—"You are not eligible due to your instant offense"—suggests that the warden did not consider whether he qualified for relief under § 3582(c)(1)(A) but only whether he qualified under the CARES Act [*Id.*]. *Compare* Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), No. 5050.49, CN-1, p. 10 (Mar. 25, 2015) (noting that the BOP should consider the nature and circumstances of the inmate's offense as one factor among many that are "neither exclusive nor weighted"), *with* William Barr, Attorney General's Memorandum for Director of Bureau Prisons regarding Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last visited July 6, 2020) (identifying an inmate's crime of conviction, such as a sex offense, as a potential basis for rendering an inmate ineligible for home detention).

As the Sixth Circuit has suggested, the exhaustion requirement of § 3582(c)(1)(A) promotes "an orderly system for reviewing compassionate-release applications" and does

4

not "incentivize[] line jumping." *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020). It also "ensures that the prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at *4. Because defendant has not submitted a request for compassionate release to the warden—or submitted a request to the warden based on the grounds now presented to the Court—the warden has yet to consider defendant's request and evaluate the conditions supporting his release offered here. As such, the Court's consideration of defendant's motion would disrupt the orderly system Congress established for evaluating compassionate release requests.

For these reasons, the Court finds that defendant has not satisfied the exhaustion requirement, which is a prerequisite the Court lacks the authority to waive. *See id.* at *2–3. Accordingly, defendant's motion [Doc. 223] is **DENIED** with leave to refile upon his satisfaction of § 3582(c)(1)(A)'s exhaustion requirement.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE